UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ILLINOIS

DAWN MILLER,

    Plaintiff,

v.

WAL-MART STORES, INC.
doing business as Sam's Club,

    Defendant.                           No. 16-cv-315-DRH-DGW

ORDER

HERNDON, District Judge:

This matter is before the Court on defendant, Wal-Mart Stores, Inc.'s ("Wal-Mart"),[1] motion to dismiss (Doc. 7). Based on the record and the following, the motion is **GRANTED**. The complaint is dismissed without prejudice. Plaintiff is granted leave to file an Amended Complaint on or before November 17, 2016.

The plaintiff alleges that she was a business invitee of the Sam's Club location in O'Fallon, Illinois and was injured on the premises. Wal-Mart is the parent corporation of Sam's West, Inc., the entity that operates the Sam's Club location in O'Fallon, Illinois. Wal-Mart contends the plaintiff's claims are subject to dismissal because she has failed to allege any facts to pierce the corporate veil.

---

[1] Wal-Mart Stores, Inc., states that it has been misnamed as Wal-Mart Stores, Inc., d/b/a Sam's Club.

In the complaint, plaintiff identifies Wal-Mart as the entity that "operates the Sam's Club located in O'Fallon, Illinois." This is not sufficient to withstand Wal-Mart's motion to dismiss.

A corporation is a distinct legal entity, separate from other corporations with which it may be affiliated. *Forsythe v. Clark USA, Inc.*, 361 Ill.App.3d 642, 646 (2005); *Main Bank of Chicago v. Baker*, 86 Ill.2d 188, 204 (1981). Therefore, a parent corporation is generally not liable for the subsidiary's debts and obligations unless the circumstances warrant piercing the corporate veil. *See, e.g. Main Bank of Chicago*, 86 Ill.2d at 205; *United States v. Bestfoods*, 524 U.S. 51, 61 (1998)(noting that "[i]t is a general principle of corporate law ... that a parent corporation ... is not liable for the acts of its subsidiaries" (internal citations and quotations omitted)).

In this case, plaintiff has alleged nothing more than that Wal-Mart operates the Sam's Club in O'Fallon, Illinois. Therefore, plaintiff has not alleged any facts from which it can be inferred that the corporate veil should be pierced.

The motion to dismiss is therefore **GRANTED** with leave to refile. The complaint is dismissed without prejudice. Plaintiff is granted leave to file an Amended Complaint on or before November 17, 2016.

**FURTHER,** as noted above, Wal-Mart Stores Inc. has been misnamed as Wal-Mart Stores, Inc., d/b/a Sam's Club. The amended complaint should correct this misnomer.

**FURTHER**, the Court notes a motion for sanctions is pending (Doc. 21). Pursuant to this Court's local rules, the plaintiff's response to the motion for sanctions is due on or before October 25, 2016.

**IT IS SO ORDERED.**

Signed this 18th day of October, 2016.

Digitally signed by Judge David R. Herndon
Date: 2016.10.18 10:45:02 -05'00'

**United States District Judge**